Reversed and Remanded and
Memorandum Opinion filed January 25, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00307-CV

____________

 

ESTATE OF J.T. NEAL, NEAL FAMILY LIMITED PARTNERSHIP,

and TOAD WEST LTD., Appellants

 

V.

 

RIVER INN ASSOCIATION OF UNIT OWNERS d/b/a RIVER INN
RESORT AND CONFERENCE CENTER and GERALDINE SMALLWOOD, Appellees

 



On Appeal from
the 198th District Court

Kerr County,
Texas

Trial Court Cause
No. 05-40-B



 

M E M O R A
N D U M   O P I N I O N

This is an appeal from a judgment signed December 21, 2009. 
The reporter's record in this case was due April 20, 2010.  See Tex. R. App. P. 35.1.  The official
court reporter, Lisa C. Greenwalt, requested and was granted an extension of
time to file the record.  On June 11, 2010, the official court reporter filed
six volumes of reporter’s record.  The official court reporter advised this
court that Volume 2, the record for pre-trial matters, was reported by a
substitute court reporter, Lou Ann Berry.  

In response to this court’s notice that the record was past
due, on July 15, 2010, Lou Ann Berry filed a request for an extension of time
to file her portion of the record until August 30, 2010.  The court granted the
requested extension.  The record was not filed.  On September 9,
2010, the clerk of this court again advised Lou Ann Berry that the record was
past due.  No response was filed.  On September 30, 2010, the court ordered her
to file the record in 30 days.  The order advised that no further extensions
would be granted absent exceptional circumstances.  

            To date, Lou Ann Berry has not filed the record covering
pre-trial matters or requested a further extension of time.  Lou Ann Berry has
advised this court that she is unable to prepare the reporter’s record because
of a problem with her computer.  Therefore, a portion of the record has been
lost or destroyed.

Rule 34.6(f) of the Texas Rules of Appellate Procedure
provides that an appellant is entitled to a new trial when the reporter=s record or exhibits are lost, under
the following circumstances:

(1) if the appellant timely requested a reporter=s record;

(2) if, without the appellant=s fault, a significant exhibit or a significant
portion of the court reporter=s notes and
records has been lost or destroyed . . .  ;

(3) if the lost, destroyed, or inaudible portion of
the reporter=s record, or the lost or destroyed exhibit, is
necessary to the appeal=s resolution; and

(4) if the lost, destroyed or inaudible portion of the
reporter=s record cannot be replaced by agreement of the
parties, or the lost or destroyed exhibit cannot be replace either by agreement
or the parties or with a copy determined by the trial court to accurately
duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, on December 16, 2010, this court abated the
appeal and directed the trial court to make the necessary findings.  The trial
court conducted a hearing on January 5, 2011.  The record of hearing conducted
pursuant to our order was filed January 13, 2011.  At the hearing, the court
reporter, Lou Ann Berry, provided a partial transcript of the testimony
reported on October 13, 2008, and she testified that the remainder of the
record was destroyed when her computer crashed and she had no way to produce
the complete record.  According to the hearing record, the missing portion of
the record included testimony from the appellees’ expert witness that the court
later relied upon in ruling on the appellants’ Daubert motion to exclude
the witness’s expert testimony.  The court’s ruling on the Daubert motion
is one of the issues appellants seek to raise on appeal.  

The supplemental clerk’s record containing the trial court’s
findings of fact was filed on January 14, 2011.  The trial court made the
following findings:

1.         The Appellants, the Estate of
J.T. Neal, Neal Family Limited Partnership, and Toad West Ltd., timely
requested a reporter’s record.

2.         Without Appellants’ fault,
significant portions of the record have been lost or destroyed;

3.         The missing portions of the
record are necessary to Appellants’ appeal; and

4.         The
missing portions of the reporter’s record cannot be replaced by agreement.

Based on the
trial court’s findings, we conclude that appellants are entitled to a new trial
pursuant to Texas Rule of Appellate Procedure 34.6(f).  See Bauserman v.
Unimax Express, Inc., No. 14-06-00077-CV, 2006 WL 3040782 (Tex.
App.—Houston [14th Dist.] Oct. 26, 2006, no pet.) (mem. op.) (reversing and
remanding based on trial court’s findings pursuant to Rule 34.6(f)); Thomson
v. Riley, No. 01-05-00421-CV, 2005 WL 3560617 (Tex. App.—Houston [1st
Dist.] 2005, no pet.) (mem. op.) (reversing and remanding for new trial after
finding the four prongs of Rule 34.6(f) were satisfied).  

            Accordingly,
we reverse the trial court’s judgment and remand the cause for a new trial.  

PER CURIAM

 

Panel consists of Justices
Anderson, Seymore and McCally.